21-1757-cr
*United States v. Jarmaine Dunbar*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect.  Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1.  When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of January, two thousand twenty-three.

PRESENT:  JOSÉ A. CABRANES,
          WILLIAM J. NARDINI,
                    *Circuit Judges*,
          JED S. RAKOFF,
                    *District Judge.**

UNITED STATES OF AMERICA,

                    *Appellee,*                    21-1757-cr

          v.

JARMAINE DUNBAR,

                    *Defendant-Appellant*.

FOR APPELLEE:                              Tiffany H. Lee, Assistant United States
                                           Attorney, *for* Trini E. Ross, United States
                                           Attorney for the Western District of New
                                           York, Buffalo, NY.

---

\* Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR DEFENDANT-APPELLANT:**     Martin J. Vogelbaum, Federal Public
                Defender's Office, Western District of
                New York, Buffalo, NY.

   Appeal from a judgment of the United States District Court for the Western District of New York (John L. Sinatra, Jr., *Judge*).

   **UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

   Defendant-Appellant Jarmaine Dunbar appeals from a judgment of conviction, in which he was sentenced principally to a 72-month term of imprisonment for possession of a firearm in furtherance of a drug trafficking offense, arguing that his sentence is substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

   We employ the "deferential abuse-of-discretion standard" to review a sentence for substantive reasonableness, *United States v. Singh*, 877 F.3d 107, 115 (2d Cir. 2017) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)), and will vacate only in "exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions,'" *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)). Moreover, we will conclude that a sentence is substantively unreasonable only if it is "'shockingly high, shockingly low, or otherwise' . . . would 'damage the administration of justice.'" *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (quoting *Rigas*, 583 F.3d at 123).

   On appeal, Dunbar contends that his 72-month sentence—12 months above the five-year advisory Guidelines sentence—is substantively unreasonable because the District Court, *inter alia*, excessively focused on Dunbar's criminal history and incapacitation, "failed to consider the age of the convictions and the relative seriousness of the crimes," and "did not situate Mr. Dunbar's criminal history in the context of his unstable childhood, his positive reputation in his community, and his lack of access to treatment for the substance abuse disorder that drives his criminal conduct." Def. Br. 9–10.

   Under the circumstances, we are not persuaded that the above-Guidelines sentence was substantively unreasonable. First, a review of the sentencing transcript, *see* A-112–36, assures us that the District Court considered the full record and did not overlook mitigating facts. Second, we find no "abuse of discretion" in the District Court's weighing of the relevant factors. The relative weight to afford to aggravating and mitigating factors is "firmly committed" to the District Court's discretion and our role is limited to assessing if "a factor 'can bear the weight assigned it under the totality of the circumstances in the case,'" *Broxmeyer*, 699 F.3d at 289 (quoting *Cavera*, 550 F.3d at 191). The District Court took this role seriously, noting at sentencing the need to "balance" all of the sentencing factors and observing that "it's not easy." A-126. Third, and contrary to Defendant's argument, Def. Br. 12, the District Court's choice of an above-Guidelines sentence did

not rest entirely upon Defendant's criminal history, but also rested upon Defendant's "personal . . . characteristics" and "the need to protect the public."  A-132–33.

## Conclusion

We have reviewed the remaining arguments raised by Dunbar on appeal and find them to be without merit.  For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk